IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH COLLINS ) | |
| ) | |
| Plaintiff, ) | No. 08 C 851 |
| ) | |
| v. ) | Judge Robert W. Gettleman |
| ) | |
| UNITED STATES OF AMERICA and ) | |
| TRANSPORTATION SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Joseph Collins filed the instant action under 28 U.S.C. § 2675(a) alleging that defendants United States of American and the Transportation Security Administration were negligence in allowing his watch to be stolen at Miami International Airport. Defendants responded by filing a motion to transfer the case to the Southern District of Florida pursuant to 28 U.S.C. § 1404. For the reasons discussed below, the court grants defendant's motion.

## **FACTS**

On April 24, 2007, plaintiff traveled from Miami to Chicago on American Airlines. He departed from Miami International Airport at 7:15pm EST and arrived at Chicago O'Hare International Airport at 9:15pm CST. Prior to departure, plaintiff checked a suitcase with Transportation Security Administration ("TSA") employees after checking in with the airline. Plaintiff had packed a Rolex watch in a toiletry bag, which he placed at the bottom of his suitcase under "one week's worth of clothes and study materials." When plaintiff returned home to Chicago he found that the watch had been removed

from his suitcase. Plaintiff filed an administrative claim with TSA in April of 2007. TSA did not send by certified or registered mail a final written denial of Plaintiff's claim. Plaintiff waited 60 days before bringing the instant suit as required by 28 U.S.C. § 2675(a). Plaintiff claims that the Rolex could be seen only through the use of x-ray technology and that defendants were the only ones with access to x-ray machines.

## DISCUSSION

Defendants move to transfer this action to the Southern District of Florida pursuant to 28 U.S.C. §1404, which provides that, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). The court may transfer the case to another jurisdiction when: (1) venue is proper in both the transferor and the transferee courts; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986). The moving party has the burden of showing that the circumstances favor a transfer. Moore v. Motor Coach Industries, Inc, 487 F.Supp.2d 1003, 1006 (N.D. Ill. 2007). A transfer must promote the efficient administration of justice, rather than simply shift the inconvenience from one party to the other. See Black v. Mitsubishi Motors Credit of America, Inc., 1994 WL 424112, *1 (N.D. Ill. Aug. 10, 1994).

Both parties agree that venue is proper in either district. The court therefore has the power to transfer the case if doing so is in the interest of justice and for the convenience of the parties and witnesses. In evaluating the convenience and fairness of

a transfer, the court must consider relevant private and public interests. The private interests include: (1) plaintiff's initial choice of forum; (2) the situs of material events; (3) ease of access to sources of proof; (4) the availability of compulsory process for the attendance of unwilling witnesses and the cost of obtaining the attendance of the witnesses; and (5) the convenience to the parties, specifically their respective residences and their ability to bear the expense of litigation in a particular forum. Georgouses v. NaTec Resources, Inc., 963 F. Supp. 728, 730 (N.D. Ill. 1997).

Ordinarily, a plaintiff's choice of forum is entitled to substantial weight, particularly when it is also plaintiff's home forum. Vandeveld v. Christoph, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995). Plaintiff's choice is not, however, conclusive, and if "the conduct and events giving rise to the cause of action did not take place in plaintiff's selected forum, the plaintiff's preference has minimal value," even if it is plaintiff's home forum. Dunn v. Soo Line Railroad Co., 864 F. Supp. 64, 65 (N.D. Ill. 1994). In the instant case, plaintiff alleges that the TSA employees in Miami were negligent, and that negligence led to the theft of his watch. Therefore, all of the events pertaining to the suit took place in Florida, leaving plaintiff's choice of little value.

The second factor, the situs of material events, favors transfer. The third and fourth factors (availability of witnesses and convenience of the parties) also weigh in favor of transfer because all of the alleged events took place in Florida, all of the witnesses except plaintiff are there, and this court could not compel the attendance of non-party witnesses. Additionally, although it would be inconvenient for plaintiff to

3

litigate in Florida, it would be more inconvenient to force a number of TSA and airline employees to come to Illinois.

In McMechen v. U.S. 2007 WL 433123 (D. Colo. 2007), the Colorado District Court was faced with a motion to transfer based on facts nearly identical to the instant case. The court ruled in favor of a transfer to the Central District of California and held that the litigation would be more appropriate in California where the alleged theft took place. The court said, "…as Defendant points out it would not be able to compel the attendance of the non-party California witnesses at trial-such as the police officer or any TSA employees who leave government employment-perhaps resulting in a trial in which all the testimony except Plaintiff's would be via deposition or telephone." Id. at *2. As noted, in the instant case, many, if not all of the witness, will come from Florida. This list would include not only those testifying to the theft itself but also those testifying to the allegedly poor safety conditions at Miami International Airport. Therefore, the court concludes that the private factors favor transfer.

In addition to the private interest factors, which weigh in favor of transfer, the court must also consider the public interest factors, which include: (a) the relation of the community to the occurrence at issue in the litigation and the desirability of resolving the controversies in their locale; (b) the court's familiarity with the applicable law; and (c) the congestion of respective court dockets and the prospect for earlier trial. Georgouses, 963 F. Supp. at 730.

The first factor weighs in favor of transfer. The Florida community has a greater interest in ensuring a safe Miami airport than does the Chicago community. The second

4

factor does not weigh in favor of or against transfer.  Both federal courts are equally familiar with the federal law at issue.

Finally, the court must consider the dockets of the two districts in question.  The median time from filing to trial in the Northern District of Illinois is 28.7 months, while the same interval is only 17.2 months in the Southern District of Florida.  Additionally, the medium length of time for disposition of all cases is 6.3 months in the Northern District of Illinois, but slightly shorter in the Southern District of Florida at 5.9 months.  Because the Southern District of Florida is likely to process the instant case sooner, this final factor weighs slightly in favor of transfer.

## **CONCLUSION**

For the foregoing reasons, defendant's motion to transfer is granted to the Southern District of Florida is granted.

**ENTER:**     **October 23, 2008**

_____
**Robert W. Gettleman**
**United States District Judge**